**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

v.                                                          Cr. 23-43 (TNM)

**BRADLEY MARTINEZ-MORAN**

**MOTION TO SEVER DEFENDANTS**
**(Disparity of Evidence)**

Defendant, Bradley Martinez-Moran, by and through undersigned counsel, does hereby move to sever his case for trial from that of his co-defendants. In support thereof, defendant respectfully sets forth as follows:

1. Defendant has been indicted in a twelve person, multiple count indictment charging as follows: Conspiracy to Participate in a Racketeer Influenced And Corrupt Organization, in violation of 18 U.S.C. Section 1962(d); Conspiracy to Commit Violent Crime in Aid of Racketeering-Murder), in violation of 18 U.S.C. Section 1959(a)(5); Using, Carrying, Possessing, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. Section 924

1

(c)(1)(A)(iii); Violent Crime in Aid of Racketeering-Assault with a Dangerous Weapon, in violation of 18 U.S.C. Section 1959(a)(3); Conspiracy to Kidnap Resulting in Death, in violation of 18 U.S.C. Section 18 U.S.C. Section 1201(c) Alien ion Possession of a Firearm, in violation of 18 U.S.C. Section 922 (g)(5)(A); Tampering with a Witness, Victim, or an Informant, in violation of 18 U.S.C. Section 1512(b)(3); and Aiding and Abetting, in violation of 18 U.S.C. Section 2.

    2. The conspiracy is alleged to have existed from prior to 2019, and continuing through in or about 2022, in the District of Columbia, Maryland, Virginia, Delaware and elsewhere.

    3. The indictment has been severed into 2 groups. The other individuals in defendant's groups are as follows: Jose Santos Alvarado-Velasquez; Gerlin Neptali Diaz-Lopez; Jose Anselmo Ibarra-Cristales; Carlos Rolando Martinez-Moran; and Jexon Madrid-Flores.

    4. Specifically, Bradley Martinez-Moran is charged in the following offenses:  Count One, Conspiracy to Participate in a Racketeering Influenced and Corrupt Organization; Count Two Conspiracy to Commit Violent Crime in Aid of Racketeering; Violent Crime in Aid of Racketeering; Count 4, Conspiracy to Commit Kidnapping Resulting in Death;

3. Bradley Martinez-Moran is not charged in the following counts in the indictment: Count 5, Count 6, Count 7, Count 8, Count 9, Count 10and Count 11.

4. The overt act section of the indictment very specifically limits Bradley Martinez-Moran's conduct to July 12, 2021 to July 14, 2021. In sum, defendant is alleged to have participated in a meeting, voting to remove a victim from the Washington D.C. area and providing others with a white van that is alleged to have later been in involved in a murder.

5. Other members of defendant's group are charged with the actual murder of the Victim #6 and other members of defendant's group are charged with burning the vehicle used to transport the decedent. Other members of defendant's group are additionally charged with offenses not involving defendant including destruction of evidence, committing an armed robbery in the Fort Totten metro station, instruction gang members to locate and kill rival MS-13 gang members, shooting a rival gang member in Rockville, Maryland,  and stabbing and shooting a rival gang member in Adelphi, Maryland.

5. It is clear that Federal Rule of Criminal Procedure 8(b) allows for joinder of defendants if "they are alleged to have participated…in the same

series of acts or transactions constituting…offenses." However, Federal Rule of Criminal Procedure 14 provides that ,"[i]f it appears that a defendant or the government is prejudiced by joinder of…defendants…for trial, the court may order an election or separate trials of counts, grant a severance e of defendants or provide whatever relief justice requires."

The issue of severance of a defendant is to be decided by a number of factors particular to the facts of the subject indictment. In *Zafiro v. United States*, the Supreme Court addressed some of the factors for consideration by the trial court.

> Such a risk [of prejudice] might occur when evidence that the jury should not consider against a defendant and that would not be admissible if defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk is heightened.

506 U.S. 534, 539, citing *Kotteakos v. United States,* 328 U.S. 750, 774-775 (1946).

In *United States v. Sutton*, the Court noted that "Motions for severance are particularly sensitive in conspiracy cases because the danger that the guilt of one defendant may be unjustly transferred to

another." 801 F.2d 1346, 1363-1364. (D.C. Cir. 1986). A leading commentator has noted that "because risks of joinder are believed to fall more heavily on the less culpable members of a group, it might be that the less culpable are prejudiced in a joint trial." 1A Wright & Miller, Fed. Prac. & Procedure, Section 223 (4th ed.)

The decision regarding whether to grant a severance of defendants requires a balancing test assessing the inconvenience and expense to the government of separate trials against the prejudice to a defendant that may flow from a joint trial. *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018); *United States v. Hill,* 643 F.3d 807, 828 (11th Cir. Cir. 2011).

The balancing test clearly weighs in favor of severing Bradley Martinez-Moran for a separate trial. His alleged involvement is far less significant than that of his codefendants.

Defendant understands that he is facing a small number of similar charges in the indictment. However, the number of charges against the co-defendants is overwhelming when comparted to the specific charges facing Bradley Martinez-Moran. The risk of an unfair and highly prejudicial spillover of damaging and violent evidence can only be cured by a severance of Bradley Martinez-Moran from his codefendants.

WHEREFORE, for the reasons stated herein, defendant prays this Honorable Court to sever his case from his codefendants for trial.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via ECF, upon all counsel of record on this the \_\_\_\_6th\_\_\_day of February 2023.

_____/s/_____
Steven R. Kiersh