**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **BRADLEY ANDREE MARTINEZ-MORA**, <br><br> Defendant. | Case No. 1:23-cr-00043-5 (TNM) |

---

**MEMORANDUM ORDER**

Earlier this year, a jury convicted Bradley Andree Martinez-Mora of two criminal charges:  Conspiracy to Participate in a Racketeer Influenced and Corrupt Organization ("RICO Conspiracy"), in violation of 18 U.S.C. § 1962(d); and Conspiracy to Commit Kidnapping Resulting in Death ("Kidnapping Conspiracy"), in violation of 18 U.S.C. § 1201(c).

Now Martinez-Mora asks for a new trial.  He argues the Court should have severed him from his co-Defendants and given him a separate trial.  He also argues that the Court should have given a jury instruction on multiple conspiracies.  The Court previously ruled on each of these issues.  Neither warrant a new trial.  So the Court denies Martinez-Mora's motion.

**I.**

In February, a grand jury returned a Superseding Indictment charging Martinez-Mora and nine co-conspirators with RICO Conspiracy and Kidnapping Conspiracy.  *See* Superseding Indictment, ECF No. 141.  The RICO Conspiracy charge alleged that Defendants participated in racketeering enterprise known as the "18th Street" gang through a pattern of racketeering activity that included murder, robbery, and firearms trafficking.  *Id.* ¶¶ 1–22.  The Kidnapping Conspiracy charge alleged that Defendants conspired to kidnap Carlos Ramos Martinez (known

to the gang as "Fire"), resulting in his death. *Id.* ¶ 26. The Indictment charged additional crimes against some Defendants. *Id.* But all Defendants had these two charges in common. *Id.*

For logistical reasons, the Court divided Defendants into two groups for trial. *See* Minute Order (June 12, 2023); Gov't's Resp., ECF No. 78. The first group included Martinez-Mora and five co-Defendants.

Martinez-Mora moved to sever. *See* Def.'s Mot. Sever, ECF No. 111. He argued that the Superseding Indictment improperly joined him as a Defendant. *Id.* at 3–4.[1] And he argued that a disparity in evidence and charges among Defendants in his trial group would unfairly prejudice him. *Id.* at 4–5. After briefing and argument, the Court orally denied Martinez-Mora's motion. *See* Minute Order (Feb. 23, 2024).

In April, the Court empaneled a jury, and the Government tried its case against Martinez-Mora and his co-Defendants. At the close of evidence, Martinez-Mora proposed a jury instruction on multiple conspiracies. It read:

> Bradley Martinez-Mora contends that the government must show the existence of the two conspiracies charged in the indictment. Whether there exists 2 such agreements, or other such agreements, or indeed no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I have provided to you. Multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes. Proof of several and independent conspiracies is not proof of the two overall conspiracies charged in the indictment.
>
> If you find that the conspiracies charged in the indictment did not exist, you cannot find the defendant guilty of either of the two conspiracies charged in the indictment. If you find Bradley Martinez-Mora was a member of another conspiracy, and not the two charged in the indictment then you must acquit Bradley Martinez-Mora of the conspiracy charge.

Proposed Jury Instructions at 9, ECF No. 196. Martinez-Mora argued this instruction would ensure the jury would not convict him of RICO Conspiracy if it found that he engaged in a

---

[1] The Court's page citations refer to the pagination generated by CM/ECF.

conspiracy to assault and rob two victims in Sterling, Virginia.  Trial Tr. at 125:1–14 (May 2, 2024).

The Government objected.  It explained that the Sterling robbery was an overt act of RICO Conspiracy, not a separate conspiracy to commit robbery.  *Id.* at 128:12–16.  In the Government's view, the jury instructions adequately addressed the only two conspiracies charged in the Superseding Indictment (RICO Conspiracy and Kidnapping Conspiracy).  *Id.* at 128:20–129:3.

After hearing these arguments, the Court declined to adopt Martinez-Mora's proposed instruction.  The Court reasoned that its instruction on multiple defendants and multiple counts—coupled with the charge-specific instructions on RICO Conspiracy and Kidnapping Conspiracy—addressed Martinez-Mora's concern and avoided confusing the jury.  *Id.* at 129:21–130:13.

Following nearly four days of deliberations, the jury found Martinez-Mora guilty of both charged counts.  *See* Verdict Form at 13–14, ECF No. 222.  On the RICO Conspiracy count, the jury also found that Martinez-Mora agreed to a pattern of racketeering activity that included murder, kidnapping, robbery, narcotics crimes, and firearms trafficking.  *Id.*

Martinez-Mora now asks for a new trial.  Def.'s Mot. New Trial, ECF No. 245.  His motion is ripe.

## II.

"Trial courts enjoy broad discretion in ruling on a motion for new trial."  *United States v. Wheeler*, 753 F.3d 200, 208 (D.C. Cir. 2014).  The standard comes from Federal Rule of Criminal Procedure 33(a).  But it is flexible:  "[T]he court *may* vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a) (emphasis added).  "The

rules do not define 'interests of justice' and courts have had little success in trying to generalize its meaning." *Wheeler*, 753 F.3d at 208 (cleaned up).  But the D.C. Circuit has "held that granting a new trial motion is warranted only in those limited circumstances where 'a serious miscarriage of justice may have occurred.'"  *Id.* (quoting *United States v. Rogers*, 918 F.2d 207, 213 (D.C. Cir. 1990)).

## III.

Martinez-Mora says he should receive a new trial for two reasons:  (1) the Court denied his motion on joinder and severance, and (2) the Court declined to give a jury instruction on multiple conspiracies.  The Court addresses each argument in turn.

## A.

First, Martinez-Mora asks the Court to reconsider its pretrial ruling on joinder and severance.  *See* Minute Order (Feb. 23, 2024).  The standard for joinder stems from Rule 8 of the Federal Rules of Criminal Procedure.  It says that an "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count."  Fed. R. Crim. P. 8(b).

The D.C. Circuit has consistently recognized that this standard is "generally . . . construed liberally in favor of joinder."  *United States v. Gooch*, 665 F.3d 1318, 1326 (D.C. Cir. 2012).  Rule 8(b) merely requires a "logical relationship between the acts or transactions within the series."  *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984).  "In conspiracy cases, joinder is presumptively proper," and in fact, "joinder is preferred."  *United States v. Eiland*, 406 F. Supp. 2d 46, 50 (D.D.C. 2005).  This is because a conspiracy charge provides the "common

thread that ties all of the defendants and charges together." *United States v. Edelin*, 118 F. Supp. 2d 36, 39 (D.D.C. 2000).

The Superseding Indictment properly joined Martinez-Mora.  All Defendants, including Martinez-Mora, were charged with the same RICO Conspiracy and Kidnapping Conspiracy charges. *See* Superseding Indictment at ¶¶ 1–22, 26.  So on two fronts, Martinez-Mora and his co-Defendants were "alleged to have participated in the same . . . series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

Now for severance.  Rule 14 supplies the standard:  "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court *may* order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a) (emphasis added).

The permissive language that "the court *may*" sever "makes clear that severance is not required even if prejudice is shown." *United States v. Tucker*, 12 F.4th 804, 825 (D.C. Cir. 2021).  For this reason, "[s]everance is the exception rather than the rule." *Id.*  It "is required only when there is 'a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).  But even "where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice.'" *Id.* (quoting *Zafiro*, 506 U.S. at 539).

Disparate evidence against different defendants rarely warrants severance.  Indeed, that scenario only "requires severance 'when the evidence against one defendant is far more damaging than the evidence against the moving party.'" *Id.* (quoting *United States v. Moore*, 651 F.3d 30, 95–96 (D.C. Cir. 2011) (per curiam)).  But unequal evidence "will not require severance

in a conspiracy trial when there is 'substantial and independent evidence of each defendant's significant involvement in the conspiracy.'" *Id.* (cleaned up). "Absent a *dramatic* disparity of evidence, any prejudice caused by joinder is best dealt with by instructions to the jury to give individual consideration to each defendant." *Id.* (cleaned up). And just because different members of a conspiracy played different roles does "not render joint trial inappropriate as long as the jury can reasonably compartmentalize the substantial and independent evidence against each defendant." *Id.* (quoting *United States v. Straker*, 800 F.3d 570, 628 (D.C. Cir. 2015) (per curiam)).

Judicial economy also cuts against severance. Indeed, there is an "especially strong" preference for joint trials "when the respective charges require presentation of much the same evidence, testimony of the same witnesses, and involve . . . defendants who are charged . . . with participating in the same illegal acts." *Id.* at 824 (quoting *United States v. Wilson*, 605 F.3d 985, 1015 (D.C. Cir. 2010)) (cleaned up). In sum, severance is a strong medicine best used "sparingly." *Id.* at 825.

Martinez-Mora has not proven his entitlement to severance, nor has he shown any "prejudice resulting from a failure to sever." *Gooch*, 665 F.3d at 1336. Indeed, a joint trial was most appropriate. Martinez-Mora and his co-Defendants were all charged as members of a RICO conspiracy centered on the same enterprise—the 18th Street gang. *See* Superseding Indictment at ¶¶ 1–22. And they were all charged as members of a conspiracy to kidnap Fire that ultimately resulted in his death. *See id.* ¶ 26. Because "[t]he evidence and the charges were substantially overlapping," Martinez-Mora was not entitled to a separate trial. *United States v. Tarantino*, 846 F.2d 1384, 1399 (D.C. Cir. 1988). Nor would it have made any sense to force the

Government, the Court, the witnesses, and the victims to endure multiple trials involving substantially similar charges and substantially similar evidence. *See Tucker*, 12 F.4th at 824.

Martinez-Mora claims he was "immensely prejudiced" by a joint trial. Def.'s Mot. New Trial at 16. Not so. The Court had a front row seat to the trial. And it witnessed "substantial and independent evidence of [Martinez-Mora's] involvement in the" charged conspiracies. *Tucker*, 12 F.4th at 825 (cleaned up). For instance, the Government's evidence included:

- testimony on Martinez-Mora's presence at gang meetings where members discussed issues with Fire, *e.g.*, Trial Tr. at 101:3–102:10 (Apr. 22, 2024 PM);

- evidence showing that Martinez-Mora was a leader of an 18th Street clique during the life of the conspiracy, *id.* at 13:2–4;

- cooperator testimony that Fire's attempt to lure a gang member away from Martinez-Mora's clique endangered Martinez-Mora's leadership position, *id.* at 10:4–13:25;

- communications with a gang leader in Guatemala who scolded Martinez-Mora over Fire's death, Trial Tr. at 40:17–41:17 (Apr. 24, 2024 AM); and

- cell site location information that placed Martinez-Mora at the gang meeting where members voted to remove Fire from Washington, D.C., Trial Tr. at 79:6–81:1 (Apr. 23, 2024 PM).

Martinez-Mora ignores this evidence. Rather, Martinez-Mora says that two cooperators testified that he was not present when his co-Defendants kidnapped and killed Fire. *See* Def.'s Mot. New Trial at 5–13. So, Martinez-Mora concludes, "spillover prejudice" must have caused his convictions. *See id.*

This strains credulity. Martinez-Mora overlooks the fact that both cooperators he cites identified him as a leader of an 18th Street clique. *See* Trial Tr. at 31:4–15 (Apr. 25, 2024 AM) (Luis Argueta-Gomez); Trial Tr. at 8:21–23 (Apr. 22, 2024 PM) (Felix Gomez). And both cooperators testified that Martinez-Mora knew Fire and disapproved of his attempt to help a gang member defect from Martinez-Mora's clique. *See* Trial Tr. at 47:14–48:22 (Apr. 25, 2024 AM)

(Luis Argueta-Gomez); Trial Tr. at 9:14–11:2 (Apr. 22, 2024 PM) (Felix Gomez).  This

testimony, coupled with the other evidence outlined above, constitutes "substantial and

independent" proof of Martinez-Mora's guilt.  *Tucker*, 12 F.4th at 825 (cleaned up).

At any rate, the Court mitigated "any potential risk of prejudice" by providing a "limiting

instruction[]" on separate defendants and separate counts.  *Id.*  It read:

> Each count of the indictment charges a separate offense.  Moreover, each Defendant
> is entitled to have the issue of his guilt as to each of the crimes for which he is on
> trial determined from his own conduct and from the evidence that applies to him *as
> if he were being tried alone*.

> You should, therefore, consider separately each offense and the evidence which
> applies to it and you should return separate verdicts as to each count of the
> indictment as well as to each Defendant.

> The fact that you may find any one Defendant guilty or not guilty of any one count
> of the indictment *should not influence* your verdict with respect to any other count
> of the indictment for that Defendant, nor should it influence your verdict with
> respect to any other Defendant as to that count or any other count in the indictment.

> Thus, you may find any one of the Defendants guilty or not guilty on any one or
> more counts of the indictment and you may return different verdicts as to different
> Defendants and as to different counts.

Trial Tr. at 177:14–178:8 (May 2) (emphasis added).  This instruction specifically warned

against "spillover prejudice" resulting from other Defendants' conduct.  *Cf. Tucker*, 12 F.4th at

826 ("The district court cured any potential prejudice . . . with limiting instructions[.]").  And

indeed, the jury rendered not guilty verdicts on certain counts for another Defendant.  *See*

Verdict Form at 8–9.  This confirms that the jury not only received but understood the Court's

instruction to treat each Defendant "as if he were being tried alone."  Trial Tr. at 177:18–19

(May 2).

In the end, the joint trial does not entitle Martinez-Mora to a new trial.

**B.**

Next, the multiple conspiracies instruction. "As with any other theory-of-defense instruction, a multiple conspiracies instruction is in order if there is sufficient evidence from which a jury could find for the defendant on his theory." *United States v. Cross*, 766 F.3d 1, 4 (D.C. Cir. 2013) (cleaned up).

While Martinez-Mora's proposal appeared to address "the two conspiracies charged in the indictment," he wanted to use the instruction for another purpose. Proposed Jury Instructions at 9, ECF No. 196. Again, the Superseding Indictment charged two distinct conspiracies: RICO Conspiracy and Kidnapping Conspiracy. Superseding Indictment at ¶¶ 1–22, 26. Yet Martinez-Mora wanted to use the instruction to address the Sterling robbery. In his view, "even if [the jury] conclude[d] that there was a conspiracy to harm" the Sterling robbery victims, "that does not mean that [Martinez-Mora] is guilty of the conspiracies charged in the indictment." Trial Tr. at 126:5–9 (May 2).

But that is not quite right. The Superseding Indictment described the Sterling robbery as an overt act within the RICO Conspiracy count. *See* Superseding Indictment at ¶ 18(e). It did not charge the robbery as a separate conspiracy. So the robbery was simply one overt act, among many, that together established a pattern of racketeering activity. Framed this way, Martinez-Mora's participation in the Sterling robbery directly impacted his liability on the RICO Conspiracy count; if the jury found he participated in the robbery, it could then find (but was not bound to find) that he committed an overt act in furtherance of the RICO Conspiracy. So telling the jury to disentangle the two would have been confusing at best, and legally erroneous at worst. *See* Trial Tr. at 130:1–6 (May 2) (Court: "I . . . find this multiple conspiracy proposed instruction confusing[.]").

Nor has Martinez-Mora shown that the lack of a multiple-conspiracies instruction prejudiced him. *See Cross*, 766 F.3d at 5 (declining to give multiple-conspiracies instruction subject to harmless error review). Indeed, the Government introduced "sufficient evidence for the jury to convict [Martinez-Mora] of the conspirac[ies] charged in the indictment." *Id.* at 6; *see supra* Section III.A (discussing the "substantial and independent evidence" of Martinez-Mora's membership in the charged conspiracies). So the lack of a multiple-conspiracies instruction did not prejudice Martinez-Mora.

That said, the Government did have to prove the existence of the two charged conspiracies. But the Court gave instructions on each of these conspiracies, Trial Tr. at 183:18–199:18 (May 2) (RICO Conspiracy); *id.* at 211:20–219:23 (Kidnapping Conspiracy), plus an instruction telling the jury to "consider separately each offense and the evidence which applies to it," *id.* at 177:14–178:8. Together, these instructions "address[ed Martinez-Mora's] concern" without adding another instruction that "would [have] just confuse[d] the jury." *Id.* at 130:7–11.

**IV.**

For these reasons, it is hereby

**ORDERED** that Defendant's [245] Motion for New Trial is DENIED.

**SO ORDERED**.

Dated: September 20, 2024                    _____
                                             TREVOR N. McFADDEN, U.S.D.J.